UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.                                                    CRIMINAL NO. 3:17CR273(AWT)

BARRY MARCHINKOSKI                         January 6, 2022

MEMORANDUM RE:  REVOCATION HEARING

Barry Marchinkoski, through counsel, respectfully submits this memorandum to apprise the Court of the position he will take at his revocation hearing on January 11, 2022 and as an aid to the Court for sentencing.   Mr. Marchinkoski will admit that he violated the terms of his federal supervision by failing to report police contact that he had on September 8, 2020, September 11, 2020, and October 18, 2020.  It is a condition of supervision that he report all contact with the police to his probation officer within 72 hours.  He will also admit that he failed keep the probation office apprised of his whereabouts when he moved from the Relax Inn in Berlin without notifying his officer on October 28, 2020 and that he absconded from from supervision when he left Delancey Street Foundation in March of 2021.[1]

As the Court will recall, Mr. Marchinkoski is an addict.  It is important, however, to understand the depth of Mr. Marchinkoski's addiction.  He has been using substances since he was a young teen, and he is now 55 years old.  Despite completing the Salvation Army Program and Support Court, he relapsed on drugs and alcohol.  He could not resist the cravings he felt while at Delancey Street, and he left the program.  But he did not leave to commit crimes or to live an easier life.  He

---

[1] The petition also alleged violations based on his arrests in state court for misdemeanor charges. Those charges were all nolled, so he makes no admission as to them, but in any event, they would constitute Grade C violations and the charges he is admitting to in this instant revocation proceeding are Grade C as well.

lived a wretched existence in a tent colony next to the Connecticut River in Middletown. For many months. He was living outside in December.

The undersigned counsel has spoken with Father Kennedy of St. Francis of Assisi Church in Middletown, Pastor Carla Woods of Street Fire Ministries, and Ann Christianson of Columbus House (a non-profit that assists the homeless).[2]  They all had contact with Mr. Marchinkoski while he was living with his brother in the tent colony.  The City of Middletown is trying to move people out of the colony.      *See*      https://www.wtnh.com/news/connecticut/middlesex/growing-concerns-from-middletown-officials-over-safety-of-those-living-at-homeless-encampment-along-ct-river.      Pastor Woods and Ann Christianson visited him at the encampment and made him aware of warming centers during cold weather. Pastor Woods tried to bring him to a detox facility, but the facility would not accept him because he was too intoxicated.  Ms. Christianson was working on getting him a housing voucher in Middletown.

When he was taken into custody on this Court's warrant, he was not well.  He had been drinking on average three pints of vodka per day.  Within days of going to Wyatt, he was transported to a hospital in Providence where he was housed in the Intensive Care Unit while underdoing withdrawal.  He remained there for six days.

This relapse represented a hard fall for Mr. Marchinkoski.  He previously was a valuable member of Support Court.  He contributed to the discussion every week and tried to help other participants by sharing his insights.  He graduated from Support Court.  He enrolled in community college in an effort to become a drug and alcohol counselor.  He is capable of empathy, and he has

---

[2] Counsel has telephone numbers for each of them, and counsel will provide them on request.

concern for other people.  He is grateful for the help he has received from his probation officer and from the various programs he has completed.  He simply has a problem that overwhelms him and he has not figured out how to control it on a long-term basis.  The refrain from Father Kennedy, Pastor Woods, and Ms. Christianson,  and from anyone who knows Mr. Marchinkoski, is that "it is so sad – he has so much to offer."  Father Kennedy, Ms. Christianson, and Pastor Woods all expressed great relief, even joy, to hear that Mr. Marchincoski was still alive.  His disappearance from the tent colony, his absence from their purview, and street rumors led them to believe he had died.

The Court must conduct a revocation hearing now, and the question is "what is the right thing to do?"  Mr. Marchinkoski had a chaotic upbringing characterized by abuse (psr ¶¶ 107, 113) and rampant alcoholism and substance abuse by both parents and all of his siblings (psr ¶¶ 105-107).  He has struggled with substance abuse and addiction since he was an adolescent (psr ¶¶124-132).  From 1997-2018, he spent most of the time either incarcerated or homeless (psr ¶104).  It is certainly no surprise that he has the problems that he has.

He did not escape punishment in this case. He spent 11 weeks in jail at New Haven Correctional Center on this violation prior to going to Delancey Street Foundation.  Is it right or useful to punish him further?  There is a good argument that his very existence is punishing enough. Are we going to deter him from abusing substances at this stage of his life?  Is there some general deterrence utility in giving him a sentence of incarceration?  Perhaps a way to think about general deterrence is this:  who would trade places with Mr. Marchinkoski?  Who would observe his life and circumstances and say:  "That is what I want."  No one should need any further example to be deterred from living as he has.  Mr. Marchinkoski is a pathetic figure whose every day is a struggle to eat, to stay healthy, to survive.  No one should think that he is receiving leniency or is somehow gaming the system for

his own advantage.  He shares a lousy tent with his brother next to the Connecticut River.  He does not even have his own tent.

There comes a point where we as a criminal justice system just have to say that we have done all that we could to assist Mr. Marchinkoski.  Our system is not designed for his problems.  He needs social service assistance, and he knows where to get it.  He has done it, as noted above.  Punishing him for his inability to overcome his addiction, and the underlying issues that drive his addiction, makes little sense and is not a good use of the justice system's resources.  Respectfully, the Court should either terminate his supervision or impose a short sentence and then terminate supervision.

Respectfully Submitted,

THE DEFENDANT,
BARRY MARCHINKOSKI

FEDERAL DEFENDER OFFICE

Date: January 07, 2022                          /s/ Terence Ward
                                                Federal Defender
                                                10 Columbus Blvd, 6th FL
                                                Hartford, CT 06106
                                                Phone: (860) 493-6260
                                                Bar No.: ct00023
                                                Email: terence_ward@fd.org

CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on January 07, 2022, a copy of the foregoing MEMORANDUM RE VIOLATION HEARING was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                /s/ Terence Ward
                                Terence Ward